2009-45986
FILED
February 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002419915

| | |
|---|---|
| 1 | EDDIE R. JIMENEZ (CA SBN 231239) |
| 2 | ANNE W. HAMANN (CA SBN 254327) |
|   | PITE DUNCAN, LLP |
|   | 4375 Jutland Drive, Suite 200 |
| 3 | P.O. Box 17933 |
|   | San Diego, CA 92177-0933 |
| 4 | Telephone: (858) 750-7600 |
|   | Facsimile: (619) 590-1385 |
| 5 | |

Attorneys for HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-10

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-45986 |
| MARIO JOHN VALPERGA AND JENNIFER JOY VALPERGA, | Chapter 7 |
| Debtor(s). | D.C. No. PD-1 |
| | ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-10, | LBR 4001-1 and 9014-1(f)(1) |
| | DATE: February 1, 2010 |
| | TIME: 9:00 a.m. |
| | CTRM: 28 |
| Movant, | 501 "I" Street |
| vs. | Sacramento, CA 95814 |
| MARIO JOHN VALPERGA AND JENNIFER JOY VALPERGA, Debtor(s); and THOMAS E. MAY, Chapter 7 Trustee, | |
| Respondents. | |

RECEIVED
February 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002419915

|    |                                                                                                                    |
|----|--------------------------------------------------------------------------------------------------------------------|
| 1  | The above-captioned matter came on for hearing on February 1, 2010, in the Courtroom                               |
| 2  | of the Honorable Michael S. McManus, upon the Motion of HSBC Bank USA, National                                    |
| 3  | Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through                         |
| 4  | Certificates, Series 2007-10 ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to                 |
| 5  | enforce its interest in the property of Mario John Valperga and Jennifer Joy Valperga ("Debtors")                  |
| 6  | commonly known as 4028 Blacksmith Court, Placerville, California 95667 (the "Real Property"),                      |
| 7  | which is legally described as follows:                                                                             |
| 8  |     SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A AND MADE A PART HEREOF .                 |
| 9  |                                                                                                                    |
| 10 | Based on the arguments of counsel, and good cause appearing therefor,                                              |
| 11 | IT IS HEREBY ORDERED:                                                                                              |
| 12 | 1) The automatic stay of 11 U.S.C. § 362, is hereby terminated as it applies to the                                |
| 13 | enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust;                      |
| 14 | 2) Movant is authorized to foreclose its security interest in the Real Property under                              |
| 15 | the terms of the Note and Deed of Trust, and pursuant to applicable state law;                                     |
| 16 | 3) The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is not waived but shall                                 |
| 17 | run concurrently with the 7-day period specified in California Civil Code § 2924g(d);                              |
| 18 | 4) Upon foreclosure, in the event Debtors fail to vacate the Real Property, Movant                                 |
| 19 | may proceed in State Court for unlawful detainer pursuant to applicable state law;                                 |
| 20 | 5) Movant may offer and provide Debtors with information regarding a potential                                     |
| 21 | Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss                          |
| 22 | Mitigation Agreement, and may enter into such agreement with Debtors.  However, Movant may                         |
| 23 | not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal                   |
| 24 | liability is discharged in this bankruptcy case;                                                                   |
| 25 | /././                                                                                                              |
| 26 | /././                                                                                                              |
| 27 | /././                                                                                                              |
| 28 | /././                                                                                                              |

6) The court determines that this bankruptcy proceeding has been finalized for purpose of Cal. Civil Code § 2923.5 and the enforcement of the note and deed of trust described in the motion against the subject real property. Further, upon entry of order granting relief from the automatic stay, the movant and its successors, assigns, principals, and agents shall comply with Cal. Civil Code § 2923.52 et seq., the California Foreclosure Prevention Act, to the extent it is otherwise applicable.

Dated: February 23, 2010

By the Court

Michael S. McManus
United States Bankruptcy Judge

817084

EXHIBIT A

**LEGAL DESCRIPTION**

Real property in the unincorporated area of the County of El Dorado, State of California, described as follows:

Lot 280, as shown on that certain map entitled "Greenstone Country Unit No. 6", filed in the office of the County Recorder of El Dorado County, State of California, on May 29, 1990, in Map Book "H", at page 13.

APN: 317-351-21-100